UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61196-CIV-COHN/SELTZER

JOSEPH S. RANDALL,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Objection to Notice of Removal and Motion to Remand [DE 6]. The Court has considered the motion, Defendant's response [DE 7], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Joseph S. Randall is a Florida citizen, while Defendant Target Corporation is a citizen of Minnesota. DE 1 at 2; DE 1-3 at 3; DE 1-4 at 2. According to the Complaint [DE 1-2], on July 8, 2012, Plaintiff was shopping in one of Defendant's stores in Fort Lauderdale, Florida when he slipped and fell on a substance on the store floor, sustaining bodily injuries. DE 1-2 ¶ 6.

On January 28, 2013, Plaintiff brought a claim for negligence against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. See DE 1-2. On May 30, 2013, Defendant filed a Notice of Removal [DE 1] to this Court based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In the instant motion, Plaintiff moves to remand the action to state court,

asserting that Defendant's removal was untimely.  Defendant opposes the motion.

## II. LEGAL STANDARD

"A defendant's right to remove an action against it from state to federal court 'is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress.'"  Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3721, at 285-86 (3d ed. 1998)).  Removal statutes are strictly construed, with all doubts resolved in favor of remand.  See Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.")).  "A removing defendant bears the burden of proving proper federal jurisdiction."  Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

The general removal statute, 28 U.S.C. § 1441, provides that, with limited exceptions, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . . "  Federal courts have subject-matter jurisdiction only when diversity of citizenship exists between the parties or the controversy involves a question of federal law.  See 28 U.S.C. §§ 1331-1332.  The instant case does not involve a question of federal law.  Accordingly, the Court may hear the case only if there is diversity jurisdiction.  Diversity jurisdiction is found when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332;

see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement.").

In the instant motion, Plaintiff asserts that Defendant's removal was untimely. Title 28 U.S.C. § 1446 prescribes certain temporal limitations on removal.  Section 1446(b)(1) provides that a notice of removal shall generally be filed within thirty days after the defendant receives a copy of the initial pleading or service of summons. However, § 1446(b)(3) creates an exception to the thirty-day limit, as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Moreover, in actions removed on the basis of diversity, § 1446(c)(3)(A) states that:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. § 1446(c)(3)(A).  Additionally, § 1446(c)(1) establishes a one-year limit on removal of diversity actions.  28 U.S.C. § 1446(c)(1).  Therefore, for Defendant's removal to be timely, it must meet two requirements.  First, the Notice of Removal must have been filed within thirty days after Defendant received the initial pleading, motion, order or other paper making the case removable.  Second, the claim must have been removed within one year after commencement of the action.

3

### III. ANALYSIS

In the Notice of Removal, Defendant asserts that it was first served with a paper that made this case removable on May 3, 2013.  On May 3, Plaintiff served his Responses to Defendant's Request to Produce Propounded on March 25, 2013 [DE 1-8] ("Response to Request for Production"), to which he attached a Medical Specials chart [DE 1-6].  The chart indicated that Plaintiff's medical bills to date totaled $24,270.64.  See DE 1-6 at 2.  Defendant claims that Plaintiff's response also contained a recommendation from Plaintiff's treating physician that Plaintiff undergo arthroscopic surgery and a possible debridement or repair of a meniscal injury.  DE 1 at 4.[1]  Additionally, Defendant notes that Plaintiff's potential recovery may go beyond his medical expenses and would likely include damages for pain and suffering.  Defendant attaches an Affidavit [DE 1-7] from its counsel in this action, Thomas W. Paradise, in which he states that, based on his twenty years of experience as a trial attorney, his review of Plaintiff's medical records and medical bills, and a search of jury awards in cases involving similar injuries, he believes that Plaintiff's total potential recovery is well in excess of $75,000.  DE 1-7 at 2-3.  Defendant claims that it was only able to gain this information once Plaintiff responded to its discovery request on May 3.  Defendant notes that, pursuant to § 1446(c)(3)(A), this type of response to a discovery request qualifies as an "other paper" for purposes of § 1446(b)(3).  As the Notice of Removal

---

[1] Defendant states that, due to HIPAA consideration, it cannot produce a copy of Plaintiff's medical records at this time.  However, Defendant offers to provide it to the Court if the Court finds them necessary to determine jurisdiction.  DE 1 at 4.  Because Plaintiff does not apparently dispute the contents of the records, the Court deems the contents admitted for the purpose of this motion.

was filed within thirty days of receiving the Response to Request for Production, Defendant asserts that the Notice was timely.

In the present motion, Plaintiff contends that Defendant either knew or should have known that the case was removable long before the May 3 discovery response. Plaintiff points to two documents that it claims put Defendant on notice that the action could be removed. First, Plaintiff argues that the Complaint, which Defendant received on January 31, 2013, contained sufficient allegations such that Defendant should have known the action was subject to removal. Plaintiff does not specify which allegations would have enabled Defendant to ascertain the amount in controversy. Upon review of the allegations, this argument is unpersuasive, as neither citizenship nor the amount in controversy are pleaded in the Complaint. While the Complaint states that Plaintiff is a "resident" of Florida, it makes no allegations as to his citizenship. See DE 1-2 at 2. For purposes of diversity, citizenship depends on domicile, not residence. Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974). Thus, "a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of [establishing] jurisdiction." Steigleder v. McQuesten, 198 U.S. 141, 143 (1905). Here, the Complaint does not allege Plaintiff's citizenship or domicile, or any facts which, if true, would be conclusive of citizenship.

Further, the Complaint does not allege a specific amount of damages. Rather, Plaintiff claims only that "[t]his is an action in excess of Fifteen Thousand Dollars ($15,000) and is within the jurisdiction of this Honorable Court." DE 1-2 at 2. Nor does the Complaint allege with great specificity the nature of Plaintiff's injuries, stating only that Plaintiff slipped and fell on the floor, and

5

>    was injured in and about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of the injuries, and suffered physical handicap, the injuries are either permanent or continuing in nature, and [Plaintiff] will suffer the losses and impairment in the future.

DE 1-2 at 4. These allegations – which do not specify Plaintiff's injuries – are plainly insufficient to raise an inference that more than $75,000 is in controversy.

Generally, a removing party cannot establish the amount in controversy requirement by "speculation unsupported by the documentary record." Mgmt. Health Sys., Inc. v. Access Therapies, Inc., No. 10-61792-CIV-LENARD/GOODMAN, 2010 U.S. Dist. LEXIS 139523, at *7 (S.D. Fla. Dec. 8 2010) (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007)). Indeed, counsel "has a Rule 11 obligation to remove a case only when he has a good faith basis for concluding" that there is federal subject-matter jurisdiction. Act Lending Corp. v. Mortg. Ins. Agency, Ltd., No. 09-60729-CIV-HUCK/O'SULLIVAN, 2009 U.S. Dist. LEXIS 81755, at *9 (S.D. Fla. Aug. 27, 2009) (citing Lowery, 483 F.3d at 1215 n. 63)). The case law of this District provides that "it is 'highly questionable' whether a defendant could ever in good faith file a removal notice on diversity grounds where the defendant has in his possession 'only [the plaintiff's] bare pleadings containing unspecified damages.'" Mgmt. Health Sys., Inc., 2010 U.S. Dist. LEXIS 139523 at *8 (quoting Act Lending, 2009 U.S. Dist. LEXIS 81755 at *9-10). In this case, the only way that Defendant could have removed the action based on the Complaint would have been to speculate as to the amount in controversy — "an impermissible approach prohibited by, *inter alia*, Rule 11." Id. at *9. Therefore, the Court finds that the thirty-day time limit in § 1446 did not begin to run upon service of the Complaint.

Second, Plaintiff argues that Defendant should known that the case was removable when Defendant received Plaintiff's Response to Request for Admissions [DE 1-3] on March 20, 2013.  In the Response to Request for Admissions, Plaintiff answered as follows:

> 1. The Plaintiff JOSEPH S. RANDALL'S monetary damages in this action do not exceed the sum of $75,000.00, exclusive of interest, costs, and attorney's fees.
>
>    ANSWER:   PLAINTIFF CANNOT ADMIT OR DENY DUE TO LACK OF INFORMATION AND AFTER REASONABLE INQUIRY THE INFORMATION KNOWN OR READILY OBTAINABLE IS INSUFFICIENT TO ADMIT OR DENY.
>
> 2. The Plaintiff, JOSEPH S. RANDALL, will not claim money damages in this action in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.
>
>    ANSWER:   PLAINTIFF CANNOT ADMIT OR DENY DUE TO LACK OF INFORMATION AND AFTER REASONABLE INQUIRY THE INFORMATION KNOWN OR READILY OBTAINABLE IS INSUFFICIENT TO ENABLE PLAINTIFF TO ADMIT OR DENY.

DE 1-3 at 2-3.  Plaintiff contends that, because he did not *deny* that his claim would exceed $75,000, Defendant knew that more than $75,000 *could* be at issue.  This argument is unavailing.  The admissions gave Defendant no information as to the amount in controversy, except that Plaintiff did not know whether his damages exceeded the jurisdictional amount.  As with the Complaint, Plaintiff's admissions would not have given Defendant a good faith basis for asserting that the amount in controversy requirement was satisfied.  At most, they would have allowed Defendant to guess that the requirement was met, which is not allowed under Rule 11.  Accordingly,

the Court finds that the admissions do not qualify as a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Therefore, service of the Response to Request for Admissions, did not trigger the thirty-day time limit. Rather, the time began to run upon service of Plaintiff's Response to the Request for Production and the Medical Specials chart on May 3, 2013. As the Notice of Removal was filed on May 30, 2013, the removal was timely and the motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Objection to Removal and Motion to Remand [DE 6] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 9th day of July, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.