UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61196-CIV-COHN/SELTZER

JOSEPH S. RANDALL,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Final Summary Judgment [DE 33] ("Motion"). The Court has reviewed the Motion, Plaintiff's Opposition [DE 36], and Defendant's Reply [DE 41], and is otherwise advised in the premises.

**I.   BACKGROUND**

This action arises from injuries Plaintiff sustained when he fell at a store operated by Defendant. On July 8, 2012, Plaintiff visited Defendant's store (the "Premises") to do some shopping. DE 33 at 1. While Plaintiff moved about the Premises, a customer in another part of the store dropped a bottle of white wine, which shattered and spilled on the floor. Id. at 3. One of Defendant's employees heard the bottle break, immediately obtained a "wet floor" safety cone from one of the spill stations located throughout the Premises, and placed the cone by the spill. Id. at 3–5. The employee determined that the spill was too large to clean up on his own, and walked back to the spill station for another safety cone and absorbent powder. Id. at 5. While at the spill station, Defendant's employee asked another nearby employee for assistance. Id. As the two employees returned to the spill, Plaintiff turned down the aisle in which the spill had

occurred.  Id. at 5–6.  Plaintiff did not see the safety cone and walked towards the spill.  Id. at 6–7.  Defendant's employees saw Plaintiff approach the spill and attempted to warn him verbally, but by then it was too late; Plaintiff reached the spill, slipped, and fell.  Id. at 5–7.  Time-stamped images from Defendant's in-store cameras show that no more than one minute and twelve seconds elapsed between the breakage of the wine bottle and Plaintiff's fall.  Id. at 12.

Plaintiff alleges that his fall and accompanying injuries resulted from Defendant's failure to maintain the Premises in a reasonably safe condition or warn him of the dangerous wine spill.  DE 1-2 ¶¶ 7–12.  Plaintiff has asserted one count of negligence against Defendant on this basis.  Id.  Defendant now moves for summary judgment in its favor.

## II. LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must point out to the court that "there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to

properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had the opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  In making this determination, the Court must discern which issues are material: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.  In deciding a summary-judgment motion, the Court must view the facts in the light most

3

favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### III.  DISCUSSION

Defendant argues that Plaintiff's claim fails as a matter of law because its employees responded as quickly as they could to the spill and attempted to warn Plaintiff of the spill, thereby satisfying any duties of care to Plaintiff.  Plaintiff counters that Defendant's employees improperly left the spill unattended and failed to provide adequate warnings of the spill.  Although the parties agree on many of the facts underlying Plaintiff's claim, the Court finds that disputes over the inferences to be drawn therefrom regarding the reasonableness of Defendant's response to the spill preclude summary judgment in Defendant's favor.

A plaintiff asserting a negligence claim under Florida law must prove: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam).  Within the context of a suit against a business owner for the on-premises injuries of a customer, the business owner owes the duties "(1) to take ordinary and reasonable care to keep its premises reasonably safe for [the customer] and (2) to warn of perils that were known or should have been known to the owner and of which the [customer] could not discover" through the exercise of due care. Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011); see also Westchester Exxon v. Valdes, 524 So. 2d 452, 455 (Fla. 3d DCA 1988).  Florida's legislature has further elaborated upon the duty of care to keep premises safe with regard to on-premises spills, providing that a "person [who] slips and

4

falls on a transitory foreign substance in a business establishment . . . must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).[1]

Defendant argues that summary judgment is warranted because its employees quickly reacted to the spill, satisfying any duty Defendant owed to Plaintiff.  Defendant's employees responded immediately to the spill by placing a "wet floor" safety cone at the site of the spill to warn Plaintiff and other customers of the hazard.  DE 33 at 14–15.  The employees then organized among themselves and gathered the necessary tools to remedy the spill.  Id. at 14.  One of Defendant's employees testified that they verbally warned Plaintiff of the spill before he fell.  DE 33-5 at 24:18–25:4.  Defendant argues that its employees' rapid and thoughtful attempts to clean up the spill and warn Plaintiff of the hazard fulfilled any duty of reasonable care, even though the employees were ultimately unsuccessful in preventing Plaintiff from slipping on the spill just over a minute after it occurred.

Plaintiff, however, contests that Defendant's employees acted reasonably.  Plaintiff faults the employees for leaving the spill unattended to gather cleaning supplies.  DE 36 at 3.  Plaintiff argues that a single safety cone placed in the center of an aisle at the Premises was inadequate to warn customers of a spill that had spread wine and glass across the entire aisle.  Id.  Finally, Plaintiff contests that Defendant's employees verbally warned him of the spill before he fell.  Id. at 4; see also DE 33-1 at 144:13–17 (Plaintiff's testimony that he heard no warning before the fall); DE 33-9 at 17:18–18:12 (employee's testimony that he had just begun speaking to warn Plaintiff

---

[1] Defendant does not contest that it had actual knowledge of the spill.  DE 33 at 12.

5

when Plaintiff fell).  For these reasons, Plaintiff argues that Defendant did not take reasonable care to keep the Premises safe and to warn of hidden dangers.  DE 36 at 2–3.

The Court finds that the inferences drawn from the facts regarding the reasonableness of Defendant's response to the spill, viewed in a light most favorable to Plaintiff, preclude summary judgment in Defendant's favor.  Whether a party has breached the applicable duty of care is a question of fact generally reserved for the jury. Williams v. Davis, 974 So. 2d 1052, 1056 n.2 (Fla. 2007).  Here, Defendant owed a duty to take reasonable care to keep the Premises safe and to warn of dangers unknown to the customer.  See Delgado, 65 So. 3d at 1089.[2]  The reasonableness of actions Defendant's employees took with an aim to cleaning up the spill—such as leaving the spill unattended to obtain cleaning supplies—and the adequacy of the warnings to Plaintiff are fact-intensive inquiries inappropriate for resolution at the summary judgment stage.  See Barandas v. Ross Dress for Less, Inc., No. 11-62611, 2012 U.S. Dist. LEXIS 99508, at *8–9 (S.D. Fla. July 17, 2012) (denying summary judgment where reasonable jury could conclude that defendant "had actual knowledge of [a] spill but failed to protect [p]laintiff from harm," thereby breaching its duty of care); Johnson v. United States, No. 06-61690, 2007 U.S. Dist. LEXIS 62083, at *8–9 (S.D. Fla. Aug. 23, 2007) (denying summary judgment because question of fact existed regarding adequacy of warning sign); La Villarena, Inc. v. Acosta, 597 So. 2d 336, 338 (Fla. 3d

---

[2] The Court rejects Defendant's contention that the spill of white wine on a white floor (see DE 33-1 at 104:23–105:17, 114:20–24) was so open and notorious as to relieve Defendant of a duty to warn as a matter of law.  See La Villarena, Inc. v. Acosta, 597 So. 2d 336, 338 (Fla. 3d DCA 1992) (presence of liquid on floor not so visible as to relieve defendant of duty to warn as matter of law).

6

DCA 1992) (affirming denial of judgment as a matter of law in slip-and-fall case where jury question existed as to whether warning sign by slippery floor provided adequate warning).  The Court therefore will deny Defendant's motion.

It is accordingly **ORDERED AND ADJUDGED** that Defendant's Motion for Final Summary Judgment [DE 33] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of January, 2014.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF